IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| LEVON ROBINSON, | ) | C/A No. 4:07-1308-SB-TER |
| | ) | |
| PETITIONER, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| STATE OF SOUTH CAROLINA; and, | ) | |
| ROBERT M. STEVENSON, III, WARDEN | ) | |
| OF BROAD RIVER CORRECTIONAL | ) | |
| INSTITUTION, | ) | |
| | ) | |
| RESPONDENTS, | ) | |

Petitioner, Levon Robinson ("petitioner/Robinson"), is an inmate in the custody of the South

Carolina Department of Corrections (SCDC). Petitioner, appearing *pro se*, filed his petition for a

writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on May 9, 2007. Respondents filed a motion

for summary judgment on August 3, 2007, along with supporting memorandum. The undersigned

issued an order filed August 6, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975),

advising petitioner of the motion for summary judgment procedure and the possible consequences

if he failed to respond adequately. On September 21, 2007, petitioner filed a motion for summary

judgment and respondents filed a response in opposition on October 12, 2007.

---

[1] This habeas corpus case was automatically referred to the undersigned United States
Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02,
DSC. Because this is a dispositive motion, this report and recommendation is entered for review
by the court.

## I.  PROCEDURAL HISTORY

Petitioner, Levon Robinson, is presently confined in the Broad River Correctional Institution of the S.C. Department of Corrections (SCDC) pursuant to commitment orders from the Marion County Clerk of Court.  Petitioner was indicted in August 1999 for distribution of crack cocaine. Petitioner was represented on the charge by William S. Derrick, Esquire. A jury trial was held December 7-9, 1999, before the Honorable James E. Brogden, Jr.  Petitioner was convicted as charged by the jury. The judge sentenced petitioner to twenty-five (25) years imprisonment. (PCR App. P. 234). Petitioner appealed the conviction.

Robert M. Pachak, Assistant Appellate Defender of the South Carolina Office of Appellate Defense, represented petitioner on appeal. On June 18, 2001, appellate counsel filed a Final <u>Anders</u> Brief of Appellant in the South Carolina Court of Appeals, and raised the following issue for consideration:

> Whether the trial court erred in admitting prior crimes of moral turpitude against appellant when their probative value was outweighed by the danger of unfair prejudice?

(PR app. P. 239).

On August 17, 2001, petitioner filed a *pro se* brief and requested the Court also consider the following issues:

1.   Did the trial judge err in declaring a mistrial because the prosecution improper comment in his closeing [sic] argument and for the failure to give currative [sic] instructions which denied the appellant due process.

2.   Did the lower court judge err by not instructing the jury when state witness was allowed to testified [sic] to what she and someone else discuss about drugs activities in her neighborhood. The appellant was denied a fair trial from hearsay testimony in instant case.

2

3.      The circuit court lacked subject matter jurisdiction to enter conviction or impose sentence one (1) count of distribution of crack cocaine because of a material variance between allegations in the indictment and proof at trial and the court err [sic] for failing to make a directed verdict because of the variance.

4.      Did the lower court erred in admitting prior crimes and convictions for impeachment purpose's [sic] outweight [sic] the prejudicial effect to appellant to a fair trial. Curative [sic] instructions by trial court does not cure the admission of prior conviction in instant case.

5.      Did the lower court erred in admitteding [sic] tape closing of prosecution case which denied appellant to a fair trial.

(PCR App. Pp. 250-252).

On February 21, 2002, the South Carolina Court of Appeals issued an unpublished opinion dismissing the appeal, and relieving appellate counsel of appointment. (PCR App. Pp. 287-288). Petitioner filed a petition for rehearing on or about March 19, 2002. (PCR App. Pp. 289-293). The Court denied the petition on April 17, 2002. (PCR App. P. 295). Petitioner filed a Petition for Writ of Certiorari in the Supreme Court of South Carolina on or about May 14, 2002. (PCR App. Pp. 296-303). The State filed its return to the petition on June 6, 2002. (PCR App. Pp. 305-314). The Supreme Court of South Carolina denied the petition on October 11, 2002. (PCR App. P. 315). The South Carolina Court of Appeals issued the remittitur on November 15, 2002.

On November 20, 2002, petitioner filed an application for post-conviction relief ("PCR"), in which he raised the following claims:

(a)      Trial counsel was ineffective for failing to request a charge on entrapment. 6th Amendment of the U.S. Constitution;

(b)      Prosecutorial misconduct based on government trickery and persuasion by law enforcement officials asking the Applicant to sell her crack cocaine, or give her money to purchase crack cocaine. 5th and 14th Amendment of the due process clause.

      ( c )      Appellate counsel was ineffective for inadequately raising the issue of "admitting prior crimes of moral turpitude against Applicant," whereby the prior crimes deprived Applicant a defense of entrapment because he admitted that (1) he had previously sold drugs; (2) he previously purchased drugs for confidential informant/undercover agent Rosa Lee Carmichael; and (3) he previously gave money ($20.00) to confidential informant/undercover agent Rosa Lee Carmichael to purchase drugs. 5th and 6th Amendment of the U.S. Constitution. (PCR App. 319).

On March 30, 2004, petitioner filed a return to application. (PCR App. pp. 325-329). William A. Bryan, Esquire, represented petitioner in the action. An evidentiary hearing was held April 7, 2004, before the Honorable B. Hicks Harwell, Jr. At the conclusion of the hearing, the PCR judge requested a brief from petitioner. (PCR App. p. 476, lines 5-16). On or about April 16, 2004, petitioner filed a "Brief of Appellant." (PCR App. pp. 330-335). The PCR judge issued an order denying relief on July 20, 2004. (PCR App. pp. 1479-488). Petitioner appealed.

Mr. Bryan continued to represent petitioner on appeal, and filed a Petition for Writ of Certiorari in the Supreme Court of South Carolina on August 17, 2005, raising the following issues:

      1.      Did the lower court err in failing to find that trial counsel was ineffective for failing to request a jury charge on the defense of entrapment?

      2.      Did the lower court err in failing to find that trial counsel was ineffective for failing to conduct a reasonable pre-trial investigation of the State's confidential informant?

      3.      Did the lower court err in failing to find that trial counsel was ineffective for failing to advise the defendant not to testify at the trial?

(Cert. Pet., p. 1).

4

The State made its return on March 2, 2006. The Supreme Court of South Carolina denied the petition on January 31, 2007, and issued the remittitur on February 16, 2007.

Petitioner filed a second PCR application on May 16, 2007, and raised the following issues:

(a)     prosecutorial misconduct;

(b)     statutory violation in sentencing;

(c)     Sixth Amendment violation constitutional question of statutes.

(2007 PCR App. p. 3).

Respondents assert that according to records maintained in their office, that application is presently pending in the court of common pleas in Marion County.

## II.  HABEAS ALLEGATIONS

Petitioner sets forth the following grounds in his habeas petition:

**GROUND ONE:**     Did the trial court error in admitting prior crimes of moral turpitude against Petitioner when their probative value was outweighed by the danger of unfair prejudice?

**GROUND TWO:**     Was trial counsel ineffective in failing to request a jury charge on entrapment?

**GROUND THREE**:     Was trial counsel ineffective in his failure to investigate the State's prosecuting witness?

**GROUND FOUR:**     Was trial counsel ineffective for failing to advise the petitioner not to testify, in light of the trial Court's adverse ruling to allow the Solicitor to impeach the petitioner about his prior drug conviction?

**GROUND FIVE**:     Was appellate counsel ineffective in failing to adequately brief the issue of the error of the trial judge allowing the State to question on his prior drug offense?

5

**GROUND SIX**:      Has Petitioner demonstrated ineffective assistance of counsel
                     for Habeas Relief?

(Habeas Pet., attachment, pp. 2-10).

## III.  SUMMARY JUDGMENT

On August 3, 2007, the respondents filed a return and memorandum of law in support of their

motion for summary judgment.  Petitioner filed a motion for summary judgment on September 21,

2007, and respondents filed a response in opposition on October 12, 2007.

The federal court is charged with liberally construing the complaints filed by *pro se* litigants,

to allow them to fully develop potentially meritorious cases.  See Cruz v. Beto, 405 U.S. 319 (1972),

and Haines v. Kerner, 404 U.S. 519 (1972).  The court's function, however, is not to decide issues

of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal

construction does not mean that the court can ignore a clear failure in the pleadings to allege facts

which set forth a federal claim,  Weller v. Department of Social Services, 901 F.2d 387 (4th Cir.

1990), nor can the court assume the existence of a genuine issue of material fact where none exists.

 If none can be shown, the motion should be granted.  Fed. R. Civ. P. 56(c).

The movant has the burden of proving that a judgment on the pleadings is appropriate.  Once

the moving party makes this showing, however, the opposing party must respond to the motion with

"specific facts showing that there is a genuine issue for trial."  The opposing party may not rest on

the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S.

317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both

parties have had ample opportunity to explore the merits of their cases and examination of the case

makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial.  See Fed. R. Civ. P. 56(c).  Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact."  In the Celotex case, the defendants are "entitled to judgment as a matter of law" under Rule 56(c) because the petitioner has failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof.  Celotex, 477 U.S. at 322-323.

## IV.  STANDARD OF REVIEW

Since Robinson filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended.  Lindh v. Murphy, 117 S. Ct. 2059 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998); Green v. French, 143 F.3d 865 (4th Cir. 1998).  That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law.  See O'Brien v. DuBois, 145 F.3d 16 (1st  Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure

of federal review."). Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The United States Supreme Court has addressed procedure under § 2254(d). See <u>Williams v. Taylor</u>, 529 U.S. 362, 120 S.Ct. 1495 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1).

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases . . . A state- court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Court's] precedent.

> [A] state-court decision involves an unreasonable application of [the Supreme] Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of [the] Court's precedent if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

<u>Id</u>. at 1519-20. Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." <u>Id</u>. at 1521.

The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute now reads:

8

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court . . .

 (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## VI.  MERITS

### GROUND ONE

As set out above, in Ground One, petitioner asserts as follows:  Did the trial court error in admitting prior crimes of moral turpitude against Petitioner when their probative value was outweighed by the danger of unfair prejudice? In his memorandum, petitioner asserts that he had two prior convictions, one for attempt to possess crack cocaine and another for distribution of crack cocaine. Petitioner argues that defense counsel did not want these two prior convictions into evidence because petitioner was on trial for the same type of crime. Petitioner agues that the evidence of two similar crimes would have been and was unduly prejudicial under Rule 403. Petitioner asserts that "the jury would be more than likely to infer guilt on the basis of the two prior convictions." Petitioner asserts that it was error for the trial court to rule that he could be impeached with these two prior convictions. Petitioner cites to several state cases and to the South Carolina Rules of Evidence. Petitioner contends that the admittance of the two prior convictions was an allowance of impermissible character evidence under Rule 404(b), SCRE.

Respondents argue petitioner has failed to state a claim upon which relief may be granted in that he has failed to show a violation of clearly established federal law as determined by the United

9

States Supreme Court.  Respondents contend that petitioner relies exclusively on state law with only one reference to a Fourth Circuit case that stands for the "same principle of law." Respondents argue petitioner is challenging an evidentiary issue which are generally issues of state law and not cognizable in federal habeas corpus.

The undersigned concludes that this is an issue of evidence and the court will not grant relief based on the state's own standards for sufficiency of the evidence. See Wilson v. Greene, 155 F.3d 396, 407 (4th Cir. 1998). A state court's decision on a question of state law is binding in federal court. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Thomas v. Davis, 192 F.3d 445, 449 n. 1 (4th Cir. 1999).  Thus, it is recommended that this issue be dismissed and respondents' motion for summary judgment granted with respect to this ground.

## GROUND TWO

In ground two, petitioner alleges counsel was ineffective for failing to request a jury charge on entrapment. Petitioner argues that because of the close personal relationship between petitioner and the informant, there was sufficient evidence of entrapment to support such a charge to the jury. Petitioner further asserts that trial counsel essentially admitted at the PCR hearing that he overlooked the possible defense on entrapment.

When presented with an application for habeas relief, the first inquiry by the court is to determine whether the claim raised in the petition was "adjudicated on the merits" by the state court. 28 U.S.C.A. §2254(d). If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in §2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or

10

involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Id. § 2254(d)(1),(2); see Williams v. Taylor, 529 U.S. at 398.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) (quoting Strickland, reversed on other grounds, 476 U.S. 28 (1986)). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Strickland, at 694.

The court further held at page 695 that:

11

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.  (Emphasis added.)

In Lockhart v. Fretwell, 506 U.S. 364 (1993), the Supreme Court clarified its definition of prejudice quoted above, stating that "an analysis focusing solely on mere outcome determination . . . is defective."  Instead, an appropriate analysis of prejudice should consider "whether the result of the proceeding was fundamentally unfair or unreliable."  Therefore, a court analyzing the prejudice prong should not "set aside a conviction or sentence solely because the outcome would have been different but for counsel's error."  See Williams v. Taylor, Nos. 98-14, 98-16, 1998 WL 883336 (4th Cir. Va. Dec. 18, 1998) (quoting Lockhart, at 369-70).

A review of the PCR court's order of dismissal reveals the PCR Judge found as follows:

> Relying on State v. Johnson, 295 S.C. 215, 367 S.E.2d 700 (1988), the Applicant contends that trial counsel was ineffective because he did not request a jury charge on entrapment. This Court finds that this allegation is without merit. One pleading the affirmative defense of entrapment has the burden of showing that he was induced, tricked or incited to commit a crime, which he otherwise would not have committed. Id. (citing Babb v. State, 240 S.C. 235, 125 S.E.2d 467 (1962)). Furthermore, the defense of entrapment is not available to a defendant exhibiting a predisposition to commit a crime independent of governmental inducement and influence. (State v. Johnson (citing Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932)).

> At the PCR evidentiary hearing both William Derrick, the Applicant's trial counsel, and Tommy Russo, the solicitor, testified that the state had not induced the Applicant to commit the crime. Since the Applicant had two prior drug convictions, trial counsel and the solicitor also testified that there was an inference that the Applicant was predisposed to engage in unlawful drug activity. Moreover, both testified that the facts were distinguishable from State v. Johnson. In

12

State v. Johnson, the confidential informant and the defendant had lived together for over five years, the relationship had soured, and they had been separated only a month at the time of the drug transaction. Unlike the defendant in State v. Johnson, the Applicant and Rosa Carmichael, the confidential informant, had a causal, sporadic relationship and had never lived together. During the Applicant's trial, Ms. Carmichael testified that their relationship had merely fizzled and there were no hard feelings between her and the Applicant. Trial Transcript p. 109 and 113.

At the PCR evidentiary hearing, the Applicant testified that he had a close personal relationship with the confidential informant. This Court does not find the Applicant's testimony credible. This Court also does not find the testimony of Clifton Davis, an inmate who testified at the PCR hearing on the Applicant's behalf, to be credible. Mr. Davis has a pending PCR and is not a disinterested witness; rather the same confidential informant testified against Mr. Davis at his trial. However, this Court does find the testimonies of trial counsel and the solicitor credible and affords them great weight.

This Court concludes that there was no testimony or evidence of entrapment in the Applicant's case. Therefore, trial counsel was under no duty to request an entrapment charge. Accordingly, this Court finds that the Applicant failed to carry his burden so show that trial counsel's representation fell below the standard of professional reasonableness for a criminal defense attorney in this regard. Strickland v. Washington; Cherry v. State. Moreover, the applicant failed to carry his burden of proof to show a reasonable probability that the outcome of the trial would have been different but for trial counsel's alleged deficient representation. Johnson v. State. Therefore, the Applicant also failed to show prejudice. Accordingly, this allegation of ineffective assistance of counsel is denied.

A state court's finding on a claim of ineffective assistance of counsel is a combination of a finding of fact and a conclusion of law. Although applicable precedents may require this court under 28 U.S.C. §2254, to make its own determination of both the performance and (if necessary) the "prejudice" components highlighted in Strickland, 466 U.S. 668, the historical facts decided by a court of a state in a claim of ineffective assistance of counsel remain subject to deference. See Hoots

13

v. Allsbrook, 785 f.2d 1214, 1219 & n. 6 (4th Cir. 1986) ("old" § 22254(d) standard) and Williams, supra.

The undersigned has reviewed the record and concludes that respondents' motion for summary judgment should be granted on this issue. The record supports the PCR judge's finding that the petitioner has not demonstrated that his attorney's performance was deficient by showing that his representation fell below an objective standard of reasonableness and, further, he has not shown that the attorney's performance actually prejudiced him. As the PCR court's rejection of the ineffective assistance of counsel ground for relief did not result in an unreasonable application of Hill and Strickland and was not based upon an unreasonable determination of facts in light of the state court record, this ground is without merit. A state court's decision on a question of state law is binding in federal court. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Thomas v. Davis, 192 F.3d 445, 449 n. 1 (4th Cir. 1999). This issue involves a state law and the state PCR court and the state Supreme Court denied any relief on this issue. The state court decisions did not involve a decision that  "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); Williams, supra.  Thus, the undersigned recommends that the respondents' motion for summary judgment be granted on this issue.


## **GROUND THREE**

Petitioner asserts in ground three that trial counsel was ineffective in his failure to investigate the State's prosecuting witness. Petitioner asserts in his petition that trial counsel never met or talked

with one witness Carmichael. Petitioner contends "all counsel had done prior to trial in that regard was talked to petitioner about his relationship with Carmichael, and did a background and record check." Petitioner argues that witness Carmichael testified at trial that "one day when she was in her yard while her son was playing, she observed a drug deal. From that time forward she was determined to help the police rid her neighborhood of drugs." Petitioner asserts that Carmichael did not have a child and that Clifton Davis testified at PCR that she did not have a child even though Carmichael testified at trial that she had a seven-year-old child living with her sister in Columbia. Thus, petitioner argues that her testimony that she had a child prejudiced him at trial.

A review of the evidence presented reveals that petitioner raised this issue at PCR, it was ruled upon by the PCR judge, and he raised it in his petition for writ of certiorari to the South Carolina Supreme Court where it was denied.

As discussed above, the Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

A review of the PCR Judge's Order of Dismissal reveals the PCR court held the following:

> The Applicant contends that trial counsel was ineffective, alleging counsel was not prepared to cross-examine the confidential informant. This Court finds that this argument is without merit. In a PCR action, the Applicant has the burden of proving the allegations in the application. Rule 71/1(e), SCRCP; Butler v. State.

At the PCR hearing, the Applicant testified that Ms. Carmichael, the confidential informant, had used drugs. Inmate Davis also testified that the confidential informant was involved with drugs. Trial counsel testified that he conducted a background investigation on Ms. Carmichael. Although he did not meet with her prior to trial, Counsel testified that he and the Applicant discussed the confidential informant, her connection, and her past relationship with the Applicant before the trial. Trial counsel also testified that he was aware that the confidential informant was engaged in the prosecution of approximately sixteen other cases.

This Court finds that the Applicant's and Mr. Davis' testimonies are not credible. This Court finds that the testimony of trial counsel was credible. This Court notes that the confidential informant's testimony during the Applicant's trial was compelling. This Court also finds that trial counsel conducted an extensive cross-examination of the confidential informant during the trial. Therefore, this Court finds that trial counsel was clearly prepared in this regard. Accordingly, this Court concludes that the Applicant failed to carry his burden to show that trial counsel's representation fell below the standard of professional reasonableness for a criminal defense attorney in this regard. Strickland v. Washington; Cherry v. State. Additionally, the Applicant failed to carry his burden of proof to show a reasonable probability that the outcome of the trial would have been different but for trial counsel's alleged deficient representation. Johnson v. State. Therefore, the Applicant also failed to show prejudice. Accordingly, this allegation of ineffective assistance of counsel is denied.

(Tr. 484-485).

The undersigned has reviewed the record and concludes that respondents' motion for summary judgment should be granted on this issue. The record supports the PCR judge's finding that the petitioner has not demonstrated that his attorney's performance was deficient by showing that his representation fell below an objective standard of reasonableness and, further, he has not shown that the attorney's performance actually prejudiced him. As the PCR court's rejection of the ineffective assistance of counsel ground for relief did not result in an unreasonable application of

<u>Hill</u> and <u>Strickland</u> and was not based upon an unreasonable determination of facts in light of the state court record, this ground is without merit. The state court decisions did not involve a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); <u>Williams, supra</u>. Thus, the undersigned recommends that the respondents' motion for summary judgment be granted on this issue

## **GROUND FOUR**

In ground four petitioner asserts that trial counsel was ineffective for failing to advise petitioner not to testify, in light of the trial Court's adverse ruling to allow the Solicitor to impeach the petitioner about his prior drug conviction and that this was not an exercise of reasonable professional judgment.

As more thoroughly discussed under Ground two above, the Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. <u>McMann v. Richardson</u>, 397 U.S. 759, 771 n.14 (1970). In the case of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

A review of the PCR judge's Order of Dismissal reveals he concluded as follows:

The Applicant alleges that trial counsel was ineffective for advising him to testify. This Court finds that this contention is wholly without merit. At the PCR evidentiary hearing, trial counsel testified that the advised the Applicant to take the stand because the confidential informant's testimony was so compelling that it was her word against the Applicant's. Counsel also testified that he reviewed the benefits and drawbacks of testifying with the Applicant, and it was the Applicant's decision to testify. Where trial counsel articulates a valid reason for employing certain trial strategy, such conduct should not be deemed ineffective assistance of counsel. Caprood v. State, 338 S.C. 103, 525 S.E.2d 514 (2000). This Court finds trial counsel's strategy was reasonable. Additionally, this Court finds that the record also reflects that the trial judge advised the Applicant of his right to remain silent and determined that the Applicant voluntarily waived that right. Trial Transcript p. 151-154.

Accordingly, this Court finds that the Applicant failed to carry his burden to show that trial counsel's representation fell below the standard of professional reasonableness for a criminal defense attorney in this regard. Strickland v. Washington; Cherry v. State. Moreover, the Applicant failed to carry his burden of proof to show a reasonable probability that the outcome of the trial would have been different but for counsel's alleged deficient representation. Johnson v. State. Therefore, the Applicant also failed to show prejudice, and this allegation of ineffective assistance of counsel is denied.

(Tr. 485-486).

The undersigned has reviewed the record and concludes that respondents' motion for summary judgment should be granted on this issue. The record supports the PCR judge's finding that the petitioner has not demonstrated that his attorney's performance was deficient by showing that his representation fell below an objective standard of reasonableness and, further, he has not shown that the attorney's performance actually prejudiced him. As the PCR court's rejection of the ineffective assistance of counsel ground for relief did not result in an unreasonable application of Hill and Strickland and was not based upon an unreasonable determination of facts in light of the state court record, this ground is without merit. The state court decisions did not involve a decision

18

that "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); Williams, supra. Thus, the undersigned recommends that the respondents' motion for summary judgment be granted on this issue

## **GROUND FIVE**

In ground five, petitioner asserts that appellate counsel was ineffective in failing to adequately brief the issue of the error of the trial judge allowing the State to question him on his prior drug offenses. Petitioner asserts that the Appellate brief contained only three quarters of a page of argument on this issue of the trial judge allowing the state to examine petitioner about his prior drug offense. Petitioner argues that at trial, even the Solicitor admitted the admissibility of the prior convictions would be prejudicial to petitioner. Thus, petitioner contends that the trial Court's ruling to allow the State to impeach petitioner with the five-year old drug violation essentially put the petitioner in a trap from which there was no escape. If he did not testify, then the only testimony the jury would hear would be that Carmichael purchased crack cocaine from petitioner.

As more thoroughly discussed under Ground two above, the Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show

19

that his counsel committed error. If an error can be shown, the court must consider whether the

commission of an error resulted in prejudice to the defendant.

A review of the PCR decision reveals the following:

> The applicant contends that appellate counsel was ineffective for inadequately raising the issue of the admission of his prior convictions. This Court finds that his allegation is without merit. The appellate record clearly reflects that appellate counsel raised this issue. The brief contains the following: "[t]rial court erred in admitting prior crimes of moral turpitude against appellant because their probative value was outweighed by the danger of unfair prejudice."

> Moreover, the Applicant's conviction was affirmed on appeal pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). State v. Robinson, Op. No. 2002-Up-131 (S.C. Ct. App. Filed February 21, 2002). The Anders procedure necessarily requires the appellate court to review and pass upon the merit of each preserved issue relating to trial court error during the trial. Appellate counsel and the Court of Appeals in this case applied the Anders procedure, and the case was dismissed. Anders requires the appellate court to do an independent evaluation of the trial record to determine if there are any meritorious issued for appeal. If the appellate court believes there are issues that require additional briefing, it orders counsel for the parties to do so. In this case, there has been a ruling from a higher Court that there are no meritorious issues.

> Therefore, this Court finds that the Applicant failed to carry his burden to show that appellate counsel's representation fell below the standard of professional reasonableness for failing to adequately argue the claim that the trial court erred in admitting the Applicant's prior crimes. Southerland v. State. Furthermore, this Court cannot find that the Applicant was prejudiced by appellate counsel's failure to adequately brief an issue when the Court of Appeals has already ordered that appellate counsel need not further brief any issue. Therefore, this Court finds that there is no prejudice. Id. Accordingly, the allegation of ineffective assistance of appellate counsel is denied.

(Tr. 486-487).

20

The undersigned has reviewed the record and concludes that respondents' motion for summary judgment should be granted on this issue. The record supports the PCR judge's finding that the petitioner has not demonstrated that his appellate counsel's performance was deficient by showing that his representation fell below an objective standard of reasonableness and, further, he has not shown that the attorney's performance actually prejudiced him. Based on the fact that appellate counsel filed an Ander's brief which requires the Court of Appeals to review and conduct an independent evaluation of the trial record to determine if there are any meritorious issues which require additional briefing from the parties and the Court of Appeals found no meritorious issues, counsel was not ineffective for failing to address this issue in more detail. As the PCR court's rejection of the ineffective assistance of counsel ground for relief did not result in an unreasonable application of Hill and Strickland and was not based upon an unreasonable determination of facts in light of the state court record, this ground is without merit. The state court decisions did not involve a decision that  "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); Williams, supra. Thus, the undersigned recommends that the respondents' motion for summary judgment be granted on this issue

## GROUND SIX

In ground six, petitioner asserts that he has demonstrated ineffective assistance of counsel for habeas relief. Petitioner basically restates the previous arguments in his petition which have been addressed in detail above. Thus, it is recommended that this issue be dismissed.

21

## VI.  CONCLUSION

Based on the reasons set out above, it is RECOMMENDED that respondents' motion for summary judgment (document # 15) be GRANTED. Further, for the above stated reasons, the undersigned recommends that petitioner's motion for summary judgment (document #24) be DENIED.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

February 4, 2008
Florence, South Carolina