IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

LEVON ROBINSON, )
)
Petitioner, )
) Civil Action No. 4:07-1308-SB-TER
v. )
)
STATE OF SOUTH CAROLINA; and ) **ORDER**
ROBERT M. STEVENSON, III, )
WARDEN OF BROAD RIVER )
CORRECTIONAL INSTITUTION, )
)
Respondents. )
_____)



This matter is before the Court upon Petitioner Levon Robinson's ("Robinson" or "the Petitioner") *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The record includes a Report and Recommendation ("R&R") of a United States Magistrate Judge, which was made in accordance with 28 U.S.C. § 636(b). In the R&R, Magistrate Judge Thomas E. Rogers, III recommends that the Court grant the Respondents' motion for summary judgment and deny the Petitioner's motion for summary judgment. Attached to the R&R was a notice advising the Petitioner of his right to file written objections to the R&R within ten days of being served with a copy of that report. See 28 U.S.C. § 636(b)(1). The Petitioner filed timely objections, and the matter is now ripe for review.

## BACKGROUND

The Petitioner is presently confined in the Broad River Correctional Institution of the South Carolina Department of Corrections (SCDC) pursuant to commitment orders from the Marion County Clerk of Court. The Petitioner was indicted in August of 1999 for distribution of crack cocaine, and he was represented on the charge by attorney William

S. Derrick. A jury trial was held December 7-9, 1999, before the Honorable James E. Brogden, Jr, and the jury convicted the Petitioner as charged. Judge Brogden sentenced the Petitioner to twenty-five (25) years imprisonment. (PCR App. at 234.) The Petitioner appealed his conviction and sentence.

Robert M. Pachak, Assistant Appellate Defender of the South Carolina Office of Appellate Defense, represented the Petitioner on appeal. On June 18, 2001, appellate counsel filed a final Anders Brief in the South Carolina Court of Appeals, raising the following issue: "Whether the trial court erred in admitting prior crimes of moral turpitude against appellant when their probative value was outweighed by the danger of unfair prejudice?" (PCR App. at 239.) See Anders v. California, 386 U.S. 738 (1967).

On August 17, 2001, the Petitioner filed a pro se brief requesting the Court to consider the following issues:

1. Did the trial judge err in declaring a mistrial because the prosecution improper comment [sic] in his closeing [sic] argument and for the failure to give currative [sic] instructions which denied the appellant due process.

2. Did the lower court judge err by not instructing the jury when state witness was allowed to testified [sic] to what she and someone else discuss [sic] about drugs activities in her neighborhood. The appellant was denied a fair trial from hearsay testimony in instant case.

3. The circuit court lacked subject matter jurisdiction to enter conviction or impose sentence one [sic] (1) count of distribution of crack cocaine because of a material variance between allegations in the indictment and proof at trial and the court err [sic] for failing to make a directed verdict because of the variance.

4. Did the lower court erred [sic] in admitting prior crimes and convictions for impeachment purpose's [sic] outweight [sic] the prejudicial effect to appellant to a fair trial. Currative [sic] instructions by trial court does not cure the admission of prior conviction in instant case.

     5.    Did the lower court erred in admitteding [sic] tape closing of prosecution case which denied appellant to a fair trial.

(PCR App. at 250-52.)

On February 21, 2002, the South Carolina Court of Appeals issued an unpublished opinion dismissing the appeal and relieving appellate counsel of appointment. (PCR App. at 287-88.) The Petitioner filed a petition for rehearing on or about March 19, 2002, which was denied on April 17, 2002. (PCR App. at 289-93, 295.) The Petitioner filed a Petition for Writ of Certiorari in the Supreme Court of South Carolina on or about May 14, 2002. (PCR App. at 296-303.) The State filed its return to the petition on June 6, 2002. (PCR App. at 305-14.) On October 11, 2002, the Supreme Court of South Carolina denied the petition, and the remittitur was issued on November 15, 2002. (PCR App. at 315.)

On November 20, 2002, the Petitioner filed an application for post-conviction relief ("PCR"), in which he raised the following claims:

    (a)    Trial counsel was ineffective for failing to request a charge on entrapment. 6th Amendment of the U.S. Constitution;

    (b)    Prosecutorial misconduct based on government trickery and persuasion by law enforcement officials asking the Applicant to sell her crack cocaine, or give her money to purchase crack cocaine. 5th and 14th Amendment of the due process clause.

    (c)    Appellate counsel was ineffective for inadequately raising the issue of "admitting prior crimes of moral turpitude against Applicant," whereby the prior crimes deprived Applicant a defense of entrapment because he admitted that (1) he had previously sold drugs; (2) he previously purchased drugs for confidential informant/undercover agent Rosa Lee Carmichael; and (3) he previously gave money ($20.00) to confidential informant/undercover agent Rosa Lee Carmichael to purchase drugs. 5th and 6th Amendment of the U.S. Constitution.

(PCR App. at 319.)

3

On March 30, 2004, the Petitioner filed a return to application. (PCR App. at 325-29.) Attorney William A. Bryan represented the Petitioner in the action. On April 7, 2004, an evidentiary hearing was held before the Honorable B. Hicks Harwell, Jr. At the conclusion of the hearing, Judge Harwell requested a brief from the Petitioner. (PCR App. at 476.) On or about April 16, 2004, the Petitioner filed a "Brief of Appellant." (PCR App. at 330-35.) The PCR judge issued an order denying relief on July 20, 2004, and the Petitioner appealed. (PCR App. at 479-88.) Bryan continued to represent the Petitioner on appeal and filed a Petition for Writ of Certiorari in the Supreme Court of South Carolina on August 17, 2005, raising the following issues:

1. Did the lower court err in failing to find that trial counsel was ineffective for failing to request a jury charge on the defense of entrapment?

2. Did the lower court err in failing to find that trial counsel was ineffective for failing to conduct a reasonable pre-trial investigation of the State's confidential informant?

3. Did the lower court err in failing to find that trial counsel was ineffective for failing to advise the defendant not to testify at the trial?

(Cert. Pet. at 1.)

The State made its return on March 2, 2006. On January 31, 2007, the Supreme Court of South Carolina denied the petition, and on February 16, 2007, the Court issued the remittitur.

On May 16, 2007, the Petitioner filed a second PCR application, raising the following issues:

(a) prosecutorial misconduct;

(b) statutory violation in sentencing;

4

(c) Sixth Amendment violation constitutional question of statutes.

(2007 PCR App. at 3.) The Respondents assert that according to records maintained in their office, that application is presently pending in the Marion County Court of Common Pleas.

On May 9, 2007, the Petitioner filed the present habeas corpus petition, wherein he sets forth the following grounds for relief:

GROUND ONE: Did the trial court err[ ] in admitting prior crimes of moral turpitude against Petitioner when their probative value was outweighed by the danger of unfair prejudice?

GROUND TWO: Was trial counsel ineffective in failing to request a jury charge on entrapment?

GROUND THREE: Was trial counsel ineffective in his failure to investigate the State's prosecuting witness?

GROUND FOUR: Was trial counsel ineffective for failing to advise the petitioner not to testify, in light of the trial Court's adverse ruling to allow the Solicitor to impeach the petitioner about his prior drug conviction?

GROUND FIVE: Was appellate counsel ineffective in failing to adequately brief the issue of the error of the trial judge allowing the State to question on his prior drug offense?

GROUND SIX: Has Petitioner demonstrated ineffective assistance of counsel for Habeas Relief?

(§ 2254 Pet. at 2-10.)

On August 3, 2007, the Respondents filed a motion for summary judgment, to which the Petitioner responded. In addition, the Petitioner filed a motion for summary judgment. On February 4, 2008, the Magistrate Judge issued an R&R, recommending that the Court grant the Respondents' motion for summary judgment and deny the Petitioner's motion for summary judgment. The Petitioner filed timely objections to the R&R.

## STANDARD OF REVIEW

### I.     Legal Standard for Summary Judgment

To grant a motion for summary judgment, the Court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The Court is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). All evidence should be viewed in the light most favorable to the non-moving party. See Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

### II.     Magistrate Judge's R&R

This Court is charged with conducting a *de novo* review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that R&R. 28 U.S.C. § 636 (b)(1). Any written objection must specifically identify the portions of the R&R to which objections are made and the basis for those objections. Id. After a review of the entire record, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law, and therefore, the Court adopts the R&R.

## DISCUSSION

### I.     Habeas Corpus Relief

With respect to those claims adjudicated on the merits, habeas relief is warranted

only if the Petitioner can demonstrate that the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

In Williams v. Taylor, 529 U.S. 362 (2000), the Supreme Court explained that section 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. Id. at 404-05. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in controlling cases or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. Id. at 405-06. A federal habeas court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from Supreme Court decisions but unreasonably applies it to the facts of the particular case. Id. at 407-08. Factual determinations made by the state "shall be presumed to be correct," and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## II.   Ineffective Assistance of Counsel

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court held that a meritorious ineffective assistance claim must demonstrate two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. Id. at 687-98. The first part of the test, a court's evaluation of counsel's performance, must be "highly deferential" under this standard, so as not to "second-guess" the performance. Strickland, 466 U.S. at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional

assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (internal quotation marks and citation omitted); see also Fields v. Attorney General of Maryland, 956 F.2d 1290, 1297-99 (4th Cir. 1992); Roach v. Martin, 757 F.2d 1463, 1476 (4th Cir. 1985). To establish prejudice and thereby fulfill the second prong of the ineffective assistance test, the challenging defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694-95.

### III. The Magistrate Judge's Analysis and the Petitioner's Objections

In the R&R, the Magistrate Judge thoroughly analyzed each of the Petitioner's six grounds for relief. With respect to the Petitioner's first ground – that the trial court erred in admitting prior crimes of moral turpitude against the Petitioner when their probative value was outweighed by the danger of unfair prejudice – the Magistrate Judge determined that this was an evidentiary issue that is not cognizable on federal habeas review. See Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

Next, with respect to the Petitioner's second, third, and fourth grounds – that trial counsel was ineffective for failing to request a jury charge on entrapment, for failing to investigate the State's witness, and for failing to advise the Petitioner not to testify, respectively – the Magistrate Judge thoroughly reviewed the record and quoted extensively from the PCR court's order denying relief. Ultimately, the Magistrate Judge determined that the record supported the PCR court's finding that the Petitioner failed to demonstrate

that trial counsel's performance was deficient or that trial counsel's performance actually prejudiced him. Likewise, with respect to the Petitioner's fifth ground – that appellate counsel was ineffective for failing to adequately brief the issue of the trial court's error in allowing the State to question him on his prior drug offenses – the Magistrate Judge reviewed the record and quoted extensively from the PCR court's order denying relief. Like the Petitioner's other ineffective assistance claims, the Magistrate Judge determined that the record supported the PCR court's finding that the Petitioner failed to demonstrate that appellate counsel's performance was deficient or that appellate counsel's performance actually prejudiced him.

In his sixth ground for relief, the Petitioner merely asserted that he has demonstrated ineffective assistance of counsel warranting habeas relief. The Magistrate Judge noted that this ground consists of nothing more than a reiteration of the Petitioner's previous ineffective assistance grounds. Because the Magistrate Judge found that the record supported the PCR court's dismissal of the Petitioner's previous ineffective assistance grounds, the Magistrate Judge recommended that the Court also dismiss this ground.

The Petitioner filed 20 pages of written objections in response to the R&R; however, after a thorough review of the Petitioner's objections, it is fair to say that the Petitioner fails to make any specific objections to the R&R. Instead, the Petitioner merely objects "to any reference which might be construed as to indicate that the [P]etitioner is not entitled to relief." (Obj. at 1.) Then, the Petitioner proceeds to rehash his previous arguments and present totally new arguments that have no bearing on this case. For instance, in addition to making reference to certain ineffective assistance claims, the Petitioner also asserts that

9

he was sentenced in violation of the South Carolina drug statutes and that South Carolina's drug and parole statutes and community supervision programs are unconstitutional. The Petitioner states: "The Ambiguity in these Statutes and their construction can easily be seen and is completely reasonable that many people could interpret them to mean many different legal aspects, as they are written. . . . It is past due; that our State Representatives, Congress, and Court's [sic] take a long-hard look at the discriminatory and costly effects upon our prison inmates, and our American Taxpayers, citizens, and public interests in general." (Obj. at 15.)

Even liberally construing the Petitioner's objections, the Court finds them to be wholly without merit. The Court further finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law when determining that the Petitioner was not entitled to relief. Thus, the Court agrees with the Magistrate Judge that the state court decision denying the Petitioner's claims did not involve a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or result[ ] in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). Accordingly, the Court agrees with the Magistrate Judge that the Respondents are entitled to summary judgment.

## CONCLUSION

Based on the foregoing, it is

**ORDERED** that the R&R is adopted and incorporated herein; the Petitioner's objections are overruled; the Respondents' motion for summary judgment (Doc. # 15) is

granted; the Petitioner's motion for summary judgment (Doc. # 24) is denied; and any remaining motions are deemed moot.

**IT IS SO ORDERED.**

The Honorable Sol Blatt, Jr.
Senior United States District Judge

April **2**, 2008
Charleston, South Carolina

